IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT S. EARTHBOY,<br><br>Plaintiff,<br><br>vs.<br><br>DETENTION OFFICER RUSH, SILVER BOW COUNTY, MARK JOHNSON, and OFFICER RAY VAUGHN,<br><br>Defendants. | CV 24-189-BU-DWM<br><br><br>ORDER |

Defendants Detention Officer Ronald Rush, the City and County of Butte-Silver Bow, Mark Johnson, Ray Vaughn, and Detention Officer Devon Cook ("Defendants") have moved to dismiss Plaintiff Earthboy's Complaint under Fed. R. Civ. P. 12(b)(6). (Doc. 12.) After a delay, Earthboy responded. (Doc. 16.) The motion is granted, in part, and denied, in part.

I.     FACTUAL BACKGROUND

Plaintiff Earthboy is incarcerated at Butte-Silver Bow County Detention Center. He alleges that Defendants have violated his First and Fourteenth Amendment rights by denying him access to his religious practices. (Doc. 2 at 3.) On November 22, 2024, Earthboy submitted a kite requesting access to the items

1

he deems necessary to practice his Native American religion. (Doc. 2 at 4.) In particular, he needs certain herbs and, perhaps, a pipe ceremony. (Doc. 2 at 7.) He was told that he could not have any kind of Native American religious materials. *Id*.

## II.   MOTION TO DISMISS

Defendants assert Earthboy's Complaint fails to state a claim for relief. They contend that Earthboy's Complaint fails to provide information demonstrating that his belief is "sincerely held" and fails to identify or describe the policy to which he objects and how that policy violated his free exercise of religion. (Doc. 13 at 2.) Earthboy's claims against Detention Officer Rush, Mark Johnson, and Ray Vaughn in their official capacities should be dismissed, as more accurately construed as claims against the County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). To the extent that Earthboy's Complaint asserts a claim against Detention Officer Cook, Defendants construe that claim as also only an official capacity claim, similar to the claim against Detention Officer Rush, and should be dismissed for the same reason. (Doc. 13 at 3 – 4.)

As to Earthboy's substantive claims against the County, and Defendants Johnson and Vaughn, Earthboy has failed to allege facts necessary to state a claim.

### A. Standard

A plaintiff's complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept as true the plaintiff's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). However, the Court must liberally construe a pro se filing. *Hoffman v. Preston*, 26 F.4th 1059, 1063 (9th Cir. 2022) ("We construe pro se complaints liberally and afford the petitioner the benefit of any doubt.")

### B. First Amendment

The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987); *Pell v. Procunier,* 417 U.S. 817, 822 (1974). A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration. *O'Lone,* 482 U.S. at 348. To state a First

Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant substantially burdened the practice of the plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Once the inmate demonstrates a substantial burden on his religious exercise, "the burden shifts to the government to show that the regulation [or restriction] is 'reasonably related to legitimate penological interests.'" *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Defendants accept, for the purposes of their motion, that Earthboy has a sincerely held belief. (Doc. 13 at 6.) But they dispute that he has credibly alleged a substantial burden has been placed on that belief. (Doc. 13 at 6.) They assert his inability to obtain the herbs or pipe ceremony are merely an "inconvenience." *Id*.

A "substantial burden" requires more than "an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citation and internal quotation marks omitted). Earthboy alleges that he needs these herbs or practices to have his prayers answered. (Doc. 2 at 7.) Without deciding any ultimate issue as to Earthboy's claims, he has sufficiently alleged that

4

not having these materials that are fundamental to his prayers is, in fact, a substantial burden. He is forced to act contrary to his beliefs because he must pray without the required materials. Earthboy has successfully stated a claim.

As to the Defendant's burden of proving a legitimate penological reason for their policy, the second major argument of Defendants' brief, dismissal on this ground would be premature. The burden to prove a legitimate penological reason is the Defendants', and, as such, does not test the sufficiency of Earthboy's Complaint. Based on the allegations above, Plaintiff has set forth a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir.2012); *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir.2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor). The ultimate issue of whether Defendants can establish a legitimate penological reason for any restriction is reserved.

### C. Official Capacity Claims

An official-capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.,* 436 U.S. 658, 690 n. 55 (1978)). In this matter, Earthboy's Complaint is directed at the policy of the facility, and thus, at its director, Mark Johnson, and Butte-Silver Bow

County itself. Defendants are correct that an official capacity suit against Johnson is redundant to a suit against the County. However, Johnson, as policy maker at the facility, may have had personal involvement that merits his inclusion in his personal capacity. That is as yet unproven, but he will remain as a defendant. All other individual defendants will be dismissed.

Accordingly, it is HEREBY ORDERED:

1. Defendants' motion to dismiss (Doc. 12) is DENIED in PART and GRANTED in PART. Defendants Rush, Vaughn, and Cook are DISMISSED. The Clerk of Court is directed to modify the docket accordingly.

2. The remaining defendants shall file their Answer to Plaintiff's Complaint according to Fed. R. Civ. P. 12(a)(4).

3. Plaintiff must keep the Court notified of any change of address. Failure to do so may result in dismissal pursuant to Fed. R. Civ. P. 41.

DATED this 25th day of April, 2025.

_____
Donald W. Molloy, District Judge
United States District Court